No. 1071          December 10, 2025          603

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Erika Katrin MEYER,
*Plaintiff-Appellant,*

*v.*

Valarie NEWMAN
and Greg Newman,
*Defendants-Respondents.*

Multnomah County Circuit Court
23CV10454; A184759

Timothy W. Grabe, Judge pro tempore.

Submitted November 6, 2025.

Erika Meyer filed the briefs *pro se*.

Valerie Newman and Greg Newman filed the brief *pro se*.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Plaintiff appeals from a judgment of dismissal entered after the trial court granted defendants' motion for summary judgment. Plaintiff raises five assignments of error. In the first two assignments, she contends that the trial court erred when it granted the motion for summary judgment on the grounds that (1) plaintiff's defamation claim was barred by the statute of limitations and (2) that she did not offer admissible evidence to create a genuine dispute of material fact about whether the alleged defamatory statements were, in fact, true. In her third assignment of error, plaintiff argues that the trial court erred when it stated that she should have submitted declarations that stated that defendants' statements were false and defamatory. In her fourth assignment of error, plaintiff argues that the trial court erred in not allowing more time for discovery and outstanding motions. In her fifth and final assignment of error, plaintiff argues that the trial court erred when it granted defendants' motion for summary judgment—a broad assignment that we understand to encompass her other assignments of error.

Because there is overlap in plaintiff's first, second, third, and fifth assignments of error that have to do with defendants' motion for summary judgment and the trial court's reasoning for granting it, we address and resolve those assignments together. We conclude that the trial court erred when it granted summary judgment on the ground that plaintiff brought the defamation claim outside the statute of limitations. Defendants had not pleaded a statute of limitations defense and had therefore waived it. However, we also conclude that the trial court did not err in determining that plaintiff failed to include admissible evidence under ORCP 47 D, and thus did not create a genuine dispute of material fact to survive summary judgment. Because the trial court articulated a second sufficient legal basis for granting defendants' motion for summary judgment, we conclude that the trial court's error in granting summary judgment on statute of limitations grounds is harmless. Therefore, we affirm.[1]

---

[1] We reject plaintiff's fourth assignment of error without discussion as undeveloped for appellate review. ORAP 5.45(6) ("Each assignment of error must be followed by the argument.").

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material facts and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted).

A trial court may grant summary judgment only on an issue raised by the moving party. *Eklof v. Steward*, 360 Or 717, 735-36, 385 P3d 1074 (2016). Here, defendant did not raise the statute of limitations in any way. The trial court raised the statute of limitations issue on its own at the hearing on defendants' motion for summary judgment. Accordingly, the trial court erred in granting defendants' motion for summary judgment on that basis.

However, we will not reverse a judgment unless we conclude that the error is one "substantially affecting the rights of a party." ORS 19.415(2). Here, the error was harmless because the trial court did not err when it granted summary judgment on another, independent basis.

Defendants moved for summary judgment on each claim, arguing that there was no genuine issue of material fact about whether the alleged defamatory statements were false. The trial court granted defendants' motion for summary judgment on that ground. The court memorialized the ruling in its written order, explaining that "plaintiff did not submit admissible evidence into the record to show that defendants' alleged defamatory statements were false." *See* ORCP 47 D (requiring that an "adverse party's response, by affidavits, declarations, or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact" and that "supporting and opposing affidavits and declarations must be made on personal knowledge, must set for facts as would be admissible in evidence, and must show affirmatively that the affiant or declarant is competent to testify to the matters stated therein"). The court did not err in that ruling.

Plaintiff filed two declarations with her response to defendants' motion for summary judgment. Plaintiff was the declarant for both. The declarations identified three sources

of allegedly defamatory statements and included a link to an audio recording of a conversation involving people other than plaintiff. Viewing the evidence in the declarations in the light most favorable to plaintiff, they did not create a genuine dispute of material fact, as required under ORCP 47 D. First, much of the information contained in plaintiff's declarations, including the audio recording, constituted inadmissible hearsay. Second, plaintiff's declarations asserted that people other than defendants made defamatory statements about her. But they did not contain evidence that would be admissible that created a genuine dispute of material fact over whether defendants' statements alleged in the complaint were defamatory. That constitutes an independent basis on which to grant defendants summary judgment on each claim. We thus affirm the judgment.

Affirmed.